### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**KELVIN CANNON,**

       **Petitioner,**

**v.**                                                        **4:05CV290-MMP/AK**

**J. V. CROSBY,**

       **Respondent.**

                       /

### REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's § 2254 petition.  Doc. 1.  In his habeas corpus petition, Petitioner charges that the trial court erred in denying his motion for judgment of acquittal which was based on violations of the Fourth and Fourteenth Amendments.  *Id.* at 4.  Petitioner raised this issue on direct appeal.  *Id.*  His conviction was affirmed on February 7, 2005.  *Cannon v. State*, 894 So.2d 245 (Fla. Dist. Ct. App. 2005).  Petitioner candidly acknowledges on the face of his petition that he has not sought any other relief in state court.  Doc. 1 at 2.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to

Dockets.Justia.com

protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A) and (B).  A claim is not

exhausted if Petitioner "has the right under the law of the State to raise, by any available

procedure, the question presented."  28 U.S.C. § 2254(c); *see also O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state

prisoner must "invok[e] one complete round of the State's established appellate review

process").

Petitioner's time for seeking Rule 3.850 relief has not expired, and the claim

raised here, having not been exhausted in state court, is not properly before this Court

for consideration.  Petitioner should act promptly in pursuing his state court remedies,

however, as the one-year statute of limitations for filing a habeas action in this Court is

tolled only during the time that a properly filed motion for post-conviction relief is

pending in state court.  A portion of that the one-year period  has already expired, and

further delay in taking action in state court may bar Petitioner from returning to this

Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's

petition for writ of habeas corpus, Doc. 1, be **DISMISSED WITHOUT PREJUDICE** for

failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this **12th** day of August, 2005.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.