IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELVIN CANNON,

    Petitioner,

v.                                 4:05CV290-MMP/AK

J. V. CROSBY,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's § 2254 petition. Doc. 1. In his habeas corpus petition, Petitioner charges that the trial court erred in denying his motion for judgment of acquittal which was based on violations of the Fourth and Fourteenth Amendments. *Id.* at 4. Petitioner raised this issue on direct appeal. *Id.* His conviction was affirmed on February 7, 2005. *Cannon v. State*, 894 So.2d 245 (Fla. Dist. Ct. App. 2005). Petitioner candidly acknowledges on the face of his petition that he has not sought any other relief in state court. Doc. 1 at 2.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to

protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B).  A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

Petitioner's time for seeking Rule 3.850 relief has not expired, and the claim raised here, having not been exhausted in state court, is not properly before this Court for consideration.  Petitioner should act promptly in pursuing his state court remedies, however, as the one-year statute of limitations for filing a habeas action in this Court is tolled only during the time that a properly filed motion for post-conviction relief is pending in state court.  A portion of that the one-year period  has already expired, and further delay in taking action in state court may bar Petitioner from returning to this Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this **12th**  day of August, 2005.

                             s/ A. KORNBLUM
                             **ALLAN KORNBLUM**
                             **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:05cv290-mmp/ak*